IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 2 9 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JERALD DEMOND ABNER, | § | |
| MELVIN LYNE ABNER, DEBRA STARNES | § | |
| MIKEL BRACKEN, Minor Child and | § | |
| JA'DARRIAN DEVEREAUX, Minor | § | |
| Child, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. H-04-3380 |
| | § | |
| THE CITY OF CONROE DRUG TASK | § | |
| FORCE, TROY ROBERTS, DAVID | § | |
| WOMACK, JOHN DOE NO. 1 and | § | |
| JOHN DOE NO. 2, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Presently pending before the court are the following motions: Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order (Docket Entry No. 7), Plaintiffs' Joint Motion for Discovery (Docket Entry No. 11), Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order (Docket Entry No. 13), Defendants' City of Conroe, Troy Roberts, and David Womack Motion to Dismiss for Failure to State a Claim (Docket Entry No. 14), Defendants Troy Roberts, David Womack and the City of Conroe's Motion for Summary Judgment (Docket Entry No. 22), and Defendants' Motion to Dismiss for Failure to Prosecute (Docket Entry No. 29). For the reasons discussed below, it is **RECOMMENDED** that Defendants' Motion to Dismiss for Failure to Prosecute be **GRANTED.** If this Recommendation is adopted, the remaining motions are **MOOT.**

## I. Statement of the Case

Plaintiffs, proceeding *pro se*, filed this action against the City of Conroe, and City of Conroe police officers Troy Roberts ("Roberts") and David Womack ("Womack"), seeking redress for violations of their civil rights in the 9th Judicial District Court, Montgomery County, Texas. The Original Complaint was purportedly signed only by Melvin Lyne Abner and Jerald Abner.[1] This action was removed to this court on August 25, 2004, pursuant to 28 U.S.C. § 1331.

According to the Original Complaint, on July 9, 2004, Defendants Roberts and Womack, acting in their official capacities as City of Conroe police officers, conducted a drug raid using an illegal search warrant at the residence of Melvin Lyne Abner, where she lived with her minor children, Mikel Braken and JaDarrian Devereaux. According to the complaint, Jerald Abner and Debra Starnes were guests in the residence at the time of the search.

Plaintiffs also complain that during the illegal search, the officers used tear gas in the presence of the children which constituted a reckless disregard for Plaintiffs' life or health. Plaintiffs seek declarations that the actions of the officers were unconstitutional as well as compensatory and punitive damages.

On October 13, 2004, Defendants filed a motion to dismiss

---

[1]

The court notes that the signatures of Melvin Lyne Abner and Jerald Abner appear to have been written by the same person.

pursuant to Fed. R. Civ. P. 12(b)(6).[2] Plaintiffs filed no response to this motion.

On January 13, 2005, Defendants filed a motion for summary judgment. Plaintiffs filed no response to this motion.

On February 4, 2005, Defendants filed a motion to compel Plaintiffs to appear for their depositions.[3] In that motion, counsel for Defendants stated that he had attempted, on numerous occasions, to contact Plaintiffs in order to schedule their depositions. Plaintiffs refused to return phone calls or answer correspondence concerning this lawsuit. On October 12, 2004, and again on November 29, 2004, Plaintiffs Melvin Lyne Abner and Debra Starnes failed to appear at their depositions.

On February 8, 2005, the court set Defendants' Motion to Compel for hearing on February 22, 2005.[4] In the notice of hearing, the court ordered all parties to attend. On February 22, 2005, Plaintiffs Melvin Lyne Abner and Debra Starnes failed to appear at the hearing.[5] The court granted the motion to compel and ordered Plaintiffs Melvin Lyne Abner and Debra Starnes to appear for their depositions at 9:00 a.m., March 11, 2005, at the law

--------

[2]
See Docket Entry No. 14.

[3]
See Docket Entry No. 24.

[4]
See Docket Entry No. 25.

[5]
See Docket Entry No. 26.

3

offices of Defendants' counsel, William Helfand.  The Order warned Plaintiffs that if they failed to appear for their depositions, the court would recommend that the lawsuit be dismissed.[6]  Monetary sanctions were imposed in the amount of $660.43 for their prior failures to appear for depositions, payable within thirty days. The court also granted Defendants' motion to depose Jerald Abner in custody.[7]

On March 11, 2005, Melvin Lyne Abner and Debra Starnes failed to appear for their depositions as ordered.  Abner and Starnes have failed to pay the sanctions as ordered.  On March 9, 2005, Plaintiff Jerald Abner refused to answer questions at his court-ordered deposition and told Defendants' counsel that he no longer wanted to pursue this case. As a result, Defendants now move the court to dismiss this lawsuit for want of prosecution.[8]

Rule 41(b), Fed. R. Civ. P., authorizes a court to dismiss with prejudice an action for want of prosecution by the plaintiff. Dorsey v. Scott Wetzel Serv., 84 F.3d 170, 171 (5th Cir. 1996). Rule 41(b) dismissals are appropriate only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interest of the

---

[6] See Docket Entry No. 27.

[7] See Docket Entry No. 26.

[8] See Docket Entry No. 29.

4

court.  Id.

Here, the record shows that Plaintiffs Melvin Lyne Abner and
Debra Starnes have failed to appear for their depositions on three
occasions.  They failed to respond to numerous attempts at contact
by Defendants' counsel and failed to respond to written discovery
requests as well.   The court set a hearing requiring their
attendance at which they failed to appear.  The court sanctioned
them for their prior failures to appear for deposition and they
have failed to pay the sanction or respond in any way.  They have
been warned by the court that their failures to attend the
depositions would result in a recommendation that their suit be
dismissed, and they still failed to appear for the court-ordered
deposition.  Since lesser sanctions have not coerced compliance
with lawful discovery requests and court orders, the court
**RECOMMENDS** that the claims brought by Plaintiffs Melvin Lyne Abner
and Debra Starnes be **DISMISSED, WITH PREJUDICE** pursuant to Rule
41(b), Fed. R. Civ. P.

As Melvin Lyne Abner is not a licensed attorney, she was not
authorized to file or prosecute this lawsuit on behalf of her minor
children.  The court **RECOMMENDS** that the claims purportedly brought
by minors Mikel Bracken and Ja'Darrian Devereaux be **DISMISSED**
without prejudice.

Plaintiff Jerald Abner was ordered to appear at his deposition
which was to be taken at the Texas Department of Criminal Justice

5

where he presently resides.   At that deposition, he informed
Defendants' counsel that he did not respond to the written
discovery because he did not want to pursue this action until he
was released on parole.[9]   Plaintiff Abner then refused to answer
any questions about the lawsuit, answering, "I ain't going to
pursue no farther with this until I get out."[10]   Abner acknowledged
that he was aware that his claim could be time-barred if he tried
to refile the lawsuit at a later date.[11]   Abner also acknowledged
that he understood that the court could dismiss his lawsuit if he
continued to refuse to answer questions at his deposition.[12]   He
then refused to answer any questions and the deposition was
terminated.

In light of Plaintiff Abner's refusal to answer questions at
his deposition, his failures to respond in any way to Defendants'
motions to dismiss and for summary judgment, and his repeated
desire to dismiss this lawsuit in spite of the consequences, the
court does not believe that lesser sanctions would overcome his
resistance to participating in this suit.   It is **RECOMMENDED** that
Plaintiff Jerald Abner's claims be **DISMISSED WITH PREJUDICE.**

---

[9]
See Docket Entry No. 29, Ex. V, "Deposition of Jerald Abner," p. 13.

[10]
Id. at p. 14.

[11]
Id.

[12]
Id. at p. 20.

6

If this Recommendation is adopted, the remaining motions (Docket Entry Nos. 7, 11, 13, 14, and 22) will become **MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, either electronically or by mail to P.O. Box 61010, Houston, Texas, 77208. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

SIGNED in Houston, Texas, this ___29___ day of March, 2005.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE

7